**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

ANGELINE JEAN BAPTISTE,

    Plaintiff,

v.

GASPETROL ENERGY 3 LLC d/b/a SUNOCO GAS
STATION, a Florida Limited Liability Company and
SAMUEL GONZALEZ, an individual

    Defendants.
_____/

## COMPLAINT

Plaintiff, ANGELINE JEAN BAPTISTE ("Plaintiff" or "Jean Baptiste"), by and through her undersigned attorney, hereby files this Complaint against Defendants GASPETROL ENERGY 3 LLC d/b/a SUNOCO GAS STATION and SAMUEL GONZALEZ ("Gaspetrol Energy," "Gonzalez" and collectively "Defendants"), and says:

## JURISDICTION AND VENUE

1. This action is brought against Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

1

4. All conditions precedent to this action have been performed or waived.

**PARTIES**

5. Plaintiff is a resident of Palm Beach County. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a Cashier. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant Gaspetrol Energy is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Gaspetrol Energy has its principal place of business in North Palm Beach, Florida. Defendant Gaspetrol Energy has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Gaspetrol Energy does business as Sunoco Gas Station, together with a convenience store attached to the station.

8. Defendant Gonzalez owned and operated Defendant Gaspetrol Energy at all times material hereto and, upon information and belief, is a resident of Palm Beach County, Florida.

9. Defendant Gonzalez had operational control of significant aspects of Gaspetrol Energy's day to day functions, including employment practices and compensation of employees, and was responsible for the supervision and control of Plaintiff and the work Plaintiff performed.

10. Defendant Gonzalez also had the power to hire and fire employees of Gaspetrol Energy, set their wages, retain time and/or wage records, and otherwise control the terms of the employment. Defendant Gonzalez also had the power to stop any illegal pay practices that harmed Plaintiff.

11. Defendant Gonzalez acted and acts directly in the interests of Gaspetrol Energy in relation to its employees and, thus, Defendant Gonzalez was and is an employer within the meaning of Section 3(d) of the FLSA.

12. At all times relevant hereto, Defendants were covered employers under the 29 U.S.C. § 203(d) and (s)(1) in that they had employees engaged in commerce or in the production of goods for commerce or that they had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore have employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

14. Defendants, upon knowledge and belief, have gross revenue which exceeds $500,000 for each of the past three (3) years and utilize goods in the flow of commerce across state lines.

15. Plaintiff was an employee covered by the FLSA in that she was employed by Defendants as a cashier, for which she constantly handled goods and materials that were transported through state lines.

16. During Plaintiff's employment with Defendants, Plaintiff was directly and regularly engaged in interstate commerce and therefore an "employee" as defined by 29 U.S.C. § 203(e).

**GENERAL ALLEGATIONS**

17. Plaintiff worked for Defendants from December 2019 through on or about June 8, 2020, during which Plaintiff was compensated at an hourly rate of $10.00.

18. Plaintiff was normally assigned two shift schedules, from 6 a.m. to 2 p.m. or from 2 p.m. to 10 p.m.

19. During Plaintiff's employment with Defendants, Defendants regularly assigned Plaintiff to work one shift for six days a week and would provide Plaintiff with said schedule in advance.

20. Defendants sometimes required Plaintiff to finish a double shift in addition to the scheduled shift when Plaintiff was already on the job, without advance notice.

21. For some other weeks Defendants verbally required Plaintiff to work seven days for the coming week, without providing any schedule.

22. Plaintiff was almost always required to stay for another fifteen (15) to thirty (30) minutes after the scheduled time to wrap up each shift.

23. During the entirety of Plaintiff's employment with Defendants, Plaintiff worked an average of approximately fifty (50) to sixty (60) hours per week but Plaintiff received only straight time.

24. Plaintiff received compensation every two weeks, where Defendants would pay Plaintiff eighty (80) hours worked with check, together with a pay stub, Defendants would pay Plaintiff for the remaining hours worked in cash, but Defendants would not compensate Plaintiff at all for the additional time worked to wrap up each shift after the scheduled time.

25. Plaintiff was a non-exempt employee of Defendants and was subject to the payroll practices and procedures set forth hereinafter.

26. Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three years of the filing of this Complaint.

27. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

28. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

29. In the course of her employment with Defendants, Plaintiff worked the number of hours required of her, but was not properly paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

30. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

31. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA/OVERTIME

32. Plaintiff re-alleges and re-aver paragraphs 1 – 31 as fully set forth herein.

33. During the course of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

34. During the entirety of Plaintiff's employment, Plaintiff worked an average of approximately fifty (50) to sixty (60) hours per week.

35. Plaintiff was only paid straight time and never overtime.

36. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, nor professional employee.

37. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

38. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

39. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

40. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff ANGELINE JEAN BAPTISTE demands judgment for:

   a. Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

   b. Interest on the amount found due;

   c. Liquidated damages pursuant to 29 U.S.C. §216(b);

   d. Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

   e. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff ANGELINE JEAN BAPTISTE hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: August 18, 2020.

        **LAW OFFICES OF CHARLES EISS, P.L.**
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By:   **/s/ Charles Eiss**
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        TIEXIN YANG, Esq.
        Fla. Bar #1010651
        tiexin@icelawfirm.com