UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:20-cv-81337-WPD

ANGELINE JEAN BAPTISTE,

    Plaintiff,

v.

GASPETROL ENERGY 3 LLC d/b/a SUNOCO GAS
STATION, a Florida Limited Liability Company and
SAMUEL GONZALEZ, an individual

    Defendants.
_____/

## MOTION TO APPROVE SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff, ANGELINE JEAN BAPTISTE ("Jean Baptiste" or "Plaintiff"), by and through her undersigned counsel, in connection with the parties' settlement in this case, hereby request that this Court approve their settlement and dismiss this matter with prejudice and state as follows:

1. On August 18, 2020, Plaintiff filed her Complaint against Defendants GASPETROL ENERGY 3 LLC d/b/a SUNOCO GAS STATION and SAMUEL GONZALEZ ("GasPetrol," "Gonzalez," and collectively "Defendants"), alleging overtime violations under the FLSA. The Parties have now resolved the Plaintiff's claim in its entirety.

2. Plaintiff's overtime claim arose from her allegations that she worked for Defendants as a Cashier and not properly compensated for hours worked over forty in each workweek. No official appearance has been made for Defendants but Defendants are represented by Troy Nader, Esq., who negotiated the settlement on behalf of Defendants. The Parties engaged in good faith settlement negotiations, and to avoid the uncertainty and continued costs

of litigation, reached a settlement agreement with no admission of liability. The Parties' agreement is memorialized in a Settlement Agreement ("Agreement"), which is attached hereto at Exhibit A for the Court's review and approval and which includes the full breakdown of payments to Plaintiff.

3. Importantly, with respect to her FLSA claims, Plaintiff is receiving what she now acknowledges to be the full amount of the relief she could receive if this matter was to go to trial. She is receiving this amount even though her overtime claim was hotly disputed. Significantly, Defendants believe that although Plaintiff is not entitled to the overtime benefits conferred in the Settlement Agreement, she is receiving significant value to resolve her claims. The parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing was taken into account in the parties agreeing upon the resolution memorialized in their Settlement Agreement.

4. In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn's Food*,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

*Id.* at 1352-53.

5.  Pursuant to *Lynn's Food*, the Court's review of the Parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

>   (1) the existence of fraud or collusion behind the settlement:
>   (2) the complexity, expense, and likely duration of the litigation;
>   (3) the stage of the proceedings and the amount of discovery completed;
>   (4) the probability of plaintiff's success on the merits:
>   (5) the range of possible recovery; and
>   (6) the opinions of the counsel.

*See, e.g.*, *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at * 2-3.

6.  At all times material hereto, the Parties have been represented by counsel and Plaintiff's counsel is especially very experienced in the litigation of FLSA claims and the settlement amount and the final Settlement Agreement were the subject of arms-length negotiations. Furthermore, as discussed above, Plaintiff's FLSA claim was resolved for what Plaintiff now acknowledges is the full amount she could recover if this matter went to trial. Plaintiff therefore respectfully submits that the Agreement the parties have entered into is consistent with the intent and purpose of the Fair Labor Standards Act and the requirements on *Lynn's Food*, as all of the relevant criteria support approval of the ultimate settlement in this matter.

7. Additionally, there has been no collusion, fraud, or any other inappropriate conduct by either Plaintiff or Defendants with respect to the settlement ultimately agreed upon. Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Central Fla. Reg. Hosp.*, 2006 U.S. Dist. LEXIS 92994 at *11-12 (M.D. Fla. Dec. 21, 2006). Based on the amount to be paid to Plaintiff, as well as the separate amount to be paid to her counsel, the Parties believe it is transparent that there was no fraud or collusion. The probability of success on the merits and length of future litigation also militate in favor of this settlement. If the Parties continued to litigate this matter, they would be forced to engage in costly litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for all Parties to minimize future risks and litigation costs.

8. Further, the attorney's fees and costs agreed upon to be paid by Defendants under the Parties' settlement were never (and are not) a percentage of any total recovery in this case such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendants on Plaintiff's behalf. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiff's attorney's fees and costs in this case are separate and apart from the amounts to be paid to Plaintiff under the Parties' Agreement, and the amounts being paid to Plaintiff under the Parties' settlement were negotiated based upon the value of all of the claims asserted, including the overtime wages claimed by Plaintiff, with Plaintiff's attorney's fees and costs reviewed and negotiated separately. As the Middle District of Florida explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the

amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the Parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach." 2009 U.S. Dist. LEXIS 68075 at *15-16. Here, Defendants have agreed to pay to resolve all of Plaintiff's claims for attorney's fees and costs incurred in this action, including the filing fee and service of process costs. Defendants agree and acknowledge that the sums to be paid by it under the Settlement Agreement for Plaintiff's attorney's fees and costs are reasonable based upon the circumstances herein, and the amounts to be paid by Defendants satisfies any and all amounts Plaintiff owes to her attorney.

9. Finally, the parties' settlement herein, and the Settlement Agreement being submitted for review and approval by the Court, includes every term and condition of the parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

10. Based upon the foregoing, the parties believe the settlement terms are fair, reasonable and adequate. Accordingly, Plaintiff respectfully requests that the Court grant this Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice in this action.

11. As a condition for dismissal, the Parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, Plaintiff respectfully requests the Court issue an Order: (1) approving the Parties' settlement; and (2) dismissing this action with prejudice.

Dated: September 17, 2020

        **LAW OFFICES OF CHARLES EISS, P.L.**
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By:    /s/ Charles Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        TIEXIN YANG, Esq.
        Fla. Bar #1010651
        tiexin@icelawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 17th day of September, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s/ Charles Eiss
        CHARLES EISS, ESQ.

SERVICE LIST
United States District Court
Southern District of Florida
*Jean Baptiste v. GasPetrol Energy 3 LLC et al.*
Case No. 9:20-cv-81337-WPD

| | |
|---|---|
| Charles M. Eiss, Esq. (612073) | Troy Nader, Esq. |
| Email: chuck@icelawfirm.com | Email: troynaderesq@yahoo.com |
| Tiexin Yang, Esq. (1010651) | LAW OFFICES OF TROY NADER |
| Email: tiexin@icelawfirm.com | 14335 SW 120th ST. Suite 103 |
| **Law Offices of Charles Eiss, P.L.** | Miami, FL 33186 |
| 7951 SW 6th Street, Suite 112 | Tel: (305) 752-4999 |
| Plantation, Florida 33324 | |
| Tel: (954) 914-7890 | *Counsel for Defendants* |
| Fax: (855) 423-5298 | |
| | |
| *Counsel for Plaintiff* | |

Method of Service: CM/ECF.